Brewster, J.
This appeal presents only a question as to the correctness of that part of the order appealed from which directs the issuance of a commission for the examination, upon written interrogatories, of an inmate in commitment at a State hospital for the mentally ill in a sister State. The order directs that the commission be executed and the ‘ ‘ deposition of said witnesses” be taken before the medical superintendent of said hospital. The plurality in the above quotation appears to have been occasioned by the direction which the court gave in granting the motion to the effect that the interrogatories “particularly” include those “that will divulge to the Court sufficient facts upon which to determine the competency and the ability of the said John Verdier to testify with respect to the alleged assault upon claimant’s intestate.” That a preliminary examination as to the competency of said Verdier was intended to be provided for in the commission is further evidenced by respondent’s submission of written interrogatories to be directed to Dr. Yoder, the medical superintendent aforesaid, as well as another set designed to be answered by the proposed witness Verdier. The former set appears directed to Dr. Yoder’s qualifications, his knowledge and acquaintance with Verdier and his opinion as to the proposed witness’ competency to answer the interrogatories proposed to be addressed to him.
In Hand v. Burrows (23 Hun 330) it was held that a commission might issue to take the testimony of one committed to a lunatic asylum in another State and that the question of the competency of the proposed witness and the admissibility of his testimony was to be determined at trial by an appropriate examination. We do not find that that ruling has ever been seriously questioned, and the reasons therefor given by the General Term are compelling in the interests of justice. We find no statutory interdiction. We find no rule nor reason for one which precludes the court from directing that such a commission include a preliminary examination, on interrogatories, respecting" the competency of the proposed witness as of and at the time his interrogatories are addressed to him. Such a preliminary examination would not be conclusive. It would be *644 merely art aid to the trial court in connection with such further examination as might be deemed necessary or proper to aid in that court’s final determination as to the question of competency.
Since the part of the order brought in question appears vague and uncertain in carrying out the directions which the court' made in granting it, we consider it should be amended so as to clearly provide the means and method of such a preliminary examination as may be considered to be in the interest of justice. If Dr. Yodér is to be interrogated upon the preliminary examination it would seem that the commission should be executed by another than he. ¡
The order appealed from should be modified in accordance ¡ with this opinion and, as modified, affirmed.
All concur.
Order appealed from modified in accordance with opinion,; and as modified affirmed, without costs.